The Opinion of the Court was delivered in this term, as follows: — On the 10th day of April 1801, good, sound, healthy negro boy and girl, 10 years old, would have discharged that part of the appellant’s contract; therefore the court below erred in not instructing the jury that the value of a negro boy and girl 10 years old at that time, together with legal interest thereon until the day on which the jury rendered their verdict, was the p.roper rule for them to have observed; for it is conceived that the value of any personal property at the day on which it is bargained to be delivered, together with legal interest thereon, is the most equita *32 ble general rule by which to ascertain damages whert? there is a failure of compliance. Indeed, when the property is of a perishable nature, of- is wanted for immediate use or market, no other just rule can be discovered.
It is however not intended that this decisión should settle the period of fixing damages in contracts for land where there has been a failure of making conveyances at the time agreed on, in as much as it may be found that the damages ought to' be regulated by very different considerations.
Judgment reversed.*

 The fame queftion was again brought before the court* at their fpring term j8o8, in the cafe Mudd vs. Phillips, on a fimilar contradi $ dnd the doctrine laid down in this cafe was then approved and affirmed;